WEISSMANN, WOLFF, BERGMAN,
  COLEMAN, GRODIN & EVALL, LLP
Michael Bergman (SBN 37797)
Steven Glaser (SBN 120577)
Adam Hagen (SBN 218021)
9665 Wilshire Boulevard
Ninth Floor
Beverly Hills, California  90212
9665 Wilshire Boulevard, Ninth Floor
Beverly Hills, California 90212
Telephone: (310) 858-7888
Fax: (310) 550-7191
mbergman@wwllp.com
sglaser@wwllp.com
ahagen@wwllp.com

Attorneys for Plaintiffs

## UNITED STATE DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DC COMICS and TIME WARNER ENTERTAINMENT COMPANY, L.P.<br><br>Plaintiffs,<br><br>v.<br><br>JAY OHRBERG, an individual doing business as JAY OHRBERG STAR CARS; JAY OHRBERG STAR CARS, a corporation; and DOES I-X, inclusive<br><br>Defendants. | Case No. 93 5357 HLH (bx)<br><br>*EX PARTE* APPLICATION FOR ORDER FOR SEIZURE OF PERSONAL PROPERTY PURSUANT TO PERMANENT INJUNCTION |

Plaintiffs D.C. Comics and Time Warner Entertainment Company, L.P. (collectively "Plaintiffs"), submit this *ex parte* application for an order, pursuant to Federal Rule of Civil Procedure 70 and Local Civil Rules 64-2 and 64-3, directing the United States Marshal or any state or local law enforcement officer

1

342809_1.doc

1   to enter a private premises without notice, by forcible entry if necessary, and seize

2   and deliver to Plaintiffs certain replicas of "Batman" vehicles described below, as

3   well as any and all molds, models, replicas, drawings, and other materials derived

4   from or based on any designs, drawings, models or molds of "Batman" vehicles.

5        The application is made on the following grounds:

6        A.  On September 13, 1994, the Court entered a Default Judgment in this

7   action in favor of Plaintiffs.   The Judgment includes permanent injunctions

8   against Defendant Jay Ohrberg, individually and doing business as Jay Ohrberg

9   Star Cars, enjoining him from manufacturing, possessing, copying, exhibiting,

10  displaying, distributing, renting, selling, advertising, or otherwise transferring or

11  offering to transfer any "Batman" products, including "Batman" vehicles.   The

12  Judgment also requires Ohrberg to deliver to Plaintiffs any and all molds, models,

13  replicas, drawings and other materials relating to any "Batman" vehicles. (*See*,

14  Ex. "A" to Bergman Dec.)

15       B.   Rule 70 of the Federal Rules of Civil Procedure provides that if a

16  judgment directs a party to perform any specific act and the party fails to comply,

17  the Court may direct the act to be done at the cost of the disobedient party by

18  some other person appointed by the Court.

19       C.   Local Civil Rule 64-2 provides that, in aid of provisional or final

20  remedies, the Court may issue an order for seizure in a civil action directed to,

21  and executed and returned by, the United States Marshal or a state or local law

22  enforcement officer.  Rule 64-3 further provides that the Court may issue an order

23  requiring entry upon private premises without notice, if executed by the United

24  States Marshal or a state or local law enforcement officer.

25       D.  Plaintiffs have learned that, despite the permanent injunction, Ohrberg

26  is manufacturing and offering for sale or rent several "Batman" vehicles.   For

27  example, Ohrberg's website currently advertises a full size replica of the

28  Batmobile for hire as a novelty display.   It also advertises Batmobiles for sale,

1   either as a kit or a turnkey replica. (*See*, Exs. "C" through "F" to Bergman Dec.)

2   As a result of the website advertisement, Plaintiffs retained a private investigative

3   company that made contact with Ohrberg under pretense of being an interested

4   buyer.   When the private investigator gained entry to Ohrberg's warehouse in

5   Oceanside, he was shown a full size replica of the 1966 Batmobile from the

6   television series, a full size replica in construction of the Batmobile from the

7   1989/1992 motion pictures, a full size wood model of the "tumbler" Batmobile

8   from the motion picture "The Dark Knight," a full size replica of the "Batboat"

9   and a full size replica of the "Batcycle."   Ohrberg told the investigator that,

10  including two Batmobiles under construction, he had built and sold 21 Batmobile

11  vehicles. (*See*, Holdridge and Fernandez Declarations.)

12      E.  Good cause exists to grant this application.  As explained below, this is

13  not the first time Ohrberg has violated the Judgment.   Ohrberg continues to

14  infringe on Plaintiffs' copyright and trademark interests in direct violation of the

15  permanent injunction against him.  It is therefore necessary and appropriate, as an

16  aid to enforcement of the Judgment, to issue the requested order permitting the

17  United States Marshal or a state or local law enforcement officer to enter the

18  private premises and seize all "Batman" vehicles, as well as any and all molds,

19  models, replicas, drawings and other materials relating to any "Batman" vehicles.

20      F.  Based on Ohrberg's repeated willful disobedience of the Judgment, it is

21  likely that if he were to receive advance notice of this *ex parte* application and the

22  relief sought, he would take immediate steps to hide the personal property to

23  evade enforcement of the Judgment.  To protect Ohrberg's due process rights, the

24  order sought by Plaintiffs requires them to hire a third party storage company to

25  store all seized property for either (i) 60 days from the date of the seizure if

26  Ohrberg does not file a motion or other application challenging the seizure, or (ii)

27  if Ohrberg does file a motion or other application challenging the seizure within

28  60 days, then until the resolution of Ohrberg's challenge becomes final.

1       This *ex parte* request is based on this application, the accompanying
2   Memorandum of Points and Authorities, the concurrently filed Declarations of
3   Michael Bergman, Heather Holdridge and Erik Fernandez, all papers, records,
4   and documents on file in this action, and upon such further evidence and
5   argument as may be required by the Court.

7   DATED:  October 10, 2008        Respectfully submitted,

8                   Weissmann Wolff Bergman Coleman
9                   Grodin & Evall LLP

10                By: _____
11                  Steven Glaser
                 Attorneys for Plaintiffs

342809_1.doc

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

More than fourteen years ago, this Court entered a Judgment in this action intended to prohibit Ohrberg from continuing to infringe on Plaintiffs' intellectual property rights.  To that end, the Judgment includes a permanent injunction prohibiting Ohrberg, individually and doing business as Jay Ohrberg Star Cars, from manufacturing, advertising and selling vehicles replicated from the "Batman" television series, comic books, and motion pictures.  In addition to prohibiting Ohrberg from further infringing activities, the Judgment specifically requires him to deliver to Plaintiffs any and all infringing materials, including any and all replicas of "Batman" vehicles and molds used to manufacture them.

Ohrberg never delivered any infringing materials to Plaintiffs and is now back in business manufacturing, advertising, renting, and selling unauthorized replicas of "Batman" vehicles -- conduct expressly prohibited by the Judgment.

This is not the first time Ohrberg has violated the Judgment.  In light of Ohrberg's continued disregard of the permanent injunction, it is likely he would take steps to avoid seizure of the personal property if notified in advance of this application.  For this reason, Plaintiffs seek *ex parte* relief, without notice, as provided by Local Civil Rules 64-2 and 64-3.  To protect Ohrberg's due process rights, the proposed order requires Plaintiffs to hire a third party storage company to store all seized property for at least 60 days to enable Ohrberg to challenge the seizure if he deems it appropriate.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 3, 1993, Plaintiffs filed their Complaint stating causes of action for trademark infringement, trade dress infringement, false advertising,

unfair competition, dilution, breach of contract, conversion, and copyright infringement against defendants Jay Ohrberg and Jay Ohrberg Star Cars. On September 13, 1994, the Court entered Judgment in favor of Plaintiffs and against Ohrberg. A true and correct copy of the Judgment is attached as Exhibit "A" to the Declaration of Michael Bergman. In addition to statutory damages and attorney's fees, the Judgment imposes permanent injunctive relief against Ohrberg and each of his agents, employees, representatives, affiliates, partners, joint venturers, successors, and assigns, and all those acting in concert with him and having knowledge of the Judgment,

a. prohibiting them from manufacturing, obtaining, possessing, copying, exhibiting, displaying, distributing, renting, selling, advertising, or otherwise transferring or offering to transfer any and all items bearing various "Batman" elements, including any replicas of "Batman" vehicles; and

b. requiring them to deliver to Plaintiffs any and all molds, models, replicas, drawings, and other materials derived from or based on any designs, drawings, models, or molds of the "Batman" vehicles.

In 1998, it came to light that Ohrberg had imported certain movie props that had been seized by the United States Customs Service for failure to pay import duties. Included in the pending auction to be conducted on behalf of the United States Treasury Department were three "Batman" vehicles -- two "Batmobiles" and one "Batcycle." At Plaintiffs' request, the items were removed from the auction and held by the United States Customs Service. Plaintiffs then applied to this Court on an *ex parte* basis for a seizure order. That order was granted, and Plaintiffs were able to seize the three infringing vehicles. A true and correct copy of the prior seizure order is attached to the Declaration of Michael Bergman as Exhibit "B."

Plaintiffs recently learned that Ohrberg once again is building full size replicas of several "Batman" vehicles and advertising them for sale or rent on the

EX PARTE APPLICATION FOR ORDER FOR SEIZURE OF PERSONAL PROPERTY

342809_1.doc

1   internet.  Copies of select pages from Ohrberg's websites depicting the vehicles

2   and offering them for sale or rent are attached to the Declaration of Michael

3   Bergman as Exhibits "C" through "F."

4        Plaintiffs retained the services of Brand Security Corporation, a private

5   investigative company specializing in intellectual property infringement.  Brand

6   Security Corporation determined that Ohrberg's warehouse is located at 305

7   Wisconsin Avenue, Oceanside, CA.  Acting under pretense of a potential buyer,

8   one of Brand Security Corporation's investigators met Ohrberg at the warehouse

9   on October 7, 2008, and confirmed first-hand the existence of several full scale

10  "Batman" vehicles at the site.  (See Declarations of Heather Holdridge and Erik

11  Fernandez.)

12

13                            **III.**

14        **GOOD CAUSE EXISTS FOR THE RELIEF SOUGHT.**

15       FRCP Rule 70 provides that if a judgment requires a party to perform a

16  specific act and the party fails to comply, the Court may order the act to be done

17  by a person appointed by the Court.

18       FRCP Rule 64, in combination with Local Civil Rules 64-2 and 64-3,

19  authorize the Court to issue an order requiring entry onto private premises

20  without notice in furtherance of the seizure of property in satisfaction of a

21  judgment.  The Local Rules require the order to be carried out by the United

22  States Marshal or a state or local law enforcement officer.

23       The permanent injunctive relief imposed by the Judgment against Ohrberg

24  is clear and absolute.  The Judgment not only prohibits Ohrberg from

25  manufacturing,  obtaining,  possessing,  copying,  exhibiting,  displaying,

26  distributing, renting, selling, advertising, or otherwise transferring or offering to

27  transfer any "Batman" vehicles, it also requires him to deliver to Plaintiffs any

28  and all molds, models, replicas, drawings, and other materials derived from or

342809_1.doc

1  based on any designs, drawings, models, or molds of the "Batman" vehicles.

2  Ohrberg repeatedly has demonstrated contempt for the Judgment. This is
3  at least the second time Ohrberg has violated the permanent injunction against
4  him, and given his disregard of its prohibitions, it is likely that Ohrberg would
5  take steps to evade seizure of the infringing vehicles and other materials if given
6  advance notice of this application. Therefore, good cause exists to grant the
7  requested relief on an *ex parte* basis without notice. The proposed order
8  submitted by Plaintiffs protects Ohrberg's due process rights by enabling him to
9  challenge the seizure after-the-fact and requiring Plaintiffs to safely store all
10 seized property for either (1) 60 days from the date of the seizure if Ohrberg does
11 not file a motion or other application challenging the seizure, or (2) if Ohrberg
12 does file a motion or other application challenging the seizure within 60 days,
13 then until the resolution of Ohrberg's challenge becomes final.

14

15 ### IV.

16 ### CONCLUSION

17 For the foregoing reasons, Plaintiffs respectfully request that the Court
18 grant this *ex parte* application in its entirety.

19

20 DATED:  October 10, 2008          Respectfully submitted,

21                                   Weissmann Wolff Bergman Coleman
                                      Grodin & Evall LLP
22

23

24                                   By: _____
                                          Steven Glaser
25                                        Attorneys for Plaintiffs

26

27

28